**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

No. 08-10432
Conference Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO RAMON MCGOWAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CR-5-1

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Ramon McGowan challenges his conviction by a jury for possessing a firearm as a convicted felon. Throughout the course of the proceedings against him in the district court, McGowan obtained the appointment of four different attorneys. After he moved to represent himself shortly before the trial began, the district court determined that he knowingly and voluntarily waived his right to counsel and allowed him to proceed pro se. The jury heard eye witness

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony describing how McGowan used a handgun to attempt to rob the witness, along with testimony from federal agents describing McGowan's admission that he was in possession of a .38 caliber revolver on the day of the alleged robbery attempt.

Represented by counsel, McGowan asserts that the district court abused its discretion by neglecting to allow him to make an oral motion to suppress evidence. This issue is frivolous. The district court asked McGowan several times whether he wished to make such a motion, and he never did.

Although he concedes that he received a *Miranda*[1] warning prior to confessing, McGowan asserts that his confession was obtained in violation of his right against self-incrimination. McGowan told the district court that he did not want the evidence of his confession to be suppressed. Because he did not move to suppress the confession in the district court, he cannot challenge it for the first time on appeal. *See United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006).

Next McGowan asserts that he did not knowingly or voluntarily waive his right to counsel because he was unaware that his election to proceed pro se would also include a waiver of counsel during sentencing. After the jury returned the guilty verdict, the district court notified McGowan that it would appoint his standby counsel to represent him throughout the sentencing phase if he so desired. McGowan sent a letter to the court rejecting the court's offer. Accordingly, this issue lacks merit.

Finally, McGowan asserts that there was insufficient evidence to establish that he possessed a firearm. Because he did not move for a judgment of acquittal, we will reverse his conviction only if it amounts to a "manifest miscarriage of justice." *See United States v. Valles*, 484 F.3d 745, 752-53 (5th Cir.), *cert. denied sub nom*, *Garza-Esparza v. United States*, 127 S. Ct. 3025

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

(2007). As noted above, the jury heard eye witness testimony and evidence that McGowan confessed to the crime.

AFFIRMED.